UNITED STATES DISTRICT COURT
EASTERN DIVISION OF KENTUCKY
**SOUTHERN DIVISION at PIKEVILLE**

DONALD TERRY BARTLEY,            )
                                 )
    Petitioner,                  )
v.                               )        Civil Case No.
                                 )        7:12-cv-66-JMH
GARY BECKSTROM, *Warden,*        )
*Eastern Kentucky*               )   **MEMORANDUM OPINION & ORDER**
*Correctional Complex,*          )
                                 )
    Respondent.                  )

\*\*\*

This matter is before the Court on the Report and Recommendation of Magistrate Judge Edward B. Atkins [Record No. 11].   Petitioner filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 [Record No. 1] and a Motion for Appointment of Counsel [Record No. 9] with this Court.   The matter was then referred to Magistrate Judge Atkins for a recommended disposition.   The Magistrate Judge filed his Report and Recommendation on December 17, 2012, and Petitioner Bartley timely filed his objections to the Report and Recommendation on January 4, 2013.   This matter is now ripe for the Court's consideration.

Generally, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."   28 U.S.C. § 636(c).   After reviewing

1

the Report and Recommendation in this case and reviewing his findings de novo, the Court agrees with the Magistrate Judge's recommendation to deny Petitioner relief.

Pursuant to a plea agreement, Petitioner was sentenced to "a term of imprisonment of life without benefit of probation or parole until he has served a minimum of twenty-five (25) years of his sentence." KY. REV. STAT. § 532.030(1); [Record No. 1-1 at 17—18]. Although Petitioner has served more than twenty-five years of his sentence, he remains incarcerated, and Petitioner argues in the present action that this continuing incarceration violates his constitutional rights. [Record No. 1-1 at 17]. Petitioner has also filed a Motion for Appointment of Counsel, claiming that he lacks the skill and understanding to navigate his way through the Kentucky appellate process. [Record No. 9].

Petitioner, however, has two pending actions in the Kentucky state courts contesting his continued incarceration. First, after the Kentucky Court of Appeals refused to issue him a writ of mandamus, Petitioner appealed to the Kentucky Supreme Court which has yet to issue a decision. [D.E. 7-2]. Petitioner's second action concerning the same issues is pending in Kentucky Circuit Court in Franklin County. [Record Nos. 7 at 2-3; 10 at 9].

2

"It has been settled for nearly a century that a state prisoner must normally exhaust available state remedies before a writ of habeas corpus can be granted by the federal courts." *Duckworth v. Serrano*, 454 U.S. 1, 3 n.1 (1981) (citing *Ex Parte Royall*, 117 U.S. 241 (1886)). Indeed, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The sole instance in which a federal court does not require a petitioner to exhaust his state remedies is if "there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth*, 454 U.S. at 3.

In Petitioner's objections to the Magistrate Judge's Report and Recommendation in the present case, he repeats his argument from his habeas petition that his continued imprisonment is unconstitutional and that further action in the state court is futile. [Record No. 12 at 2]. However, there is no question that Petitioner has not exhausted his state court remedies since he has one action pending review before the Kentucky Supreme Court and another pending before the Kentucky Circuit Court in Franklin County.

3

Petitioner himself admits that both of these actions are pending. [Record No. 10 at 9]. Thus, because neither of these courts have dismissed or denied Petitioner's claims, Petitioner still has an opportunity to obtain redress in state court.

Moreover, the Supreme Court has set a very high bar for finding a state action so clearly deficient that the federal court can consider a granting habeas relief to an individual with pending state court actions. Specifically, the Court held that even if a clear constitutional violation is present, "it would be unseemly in our dual system of government for the federal courts to upset a state-court conviction without affording to the state courts the opportunity to correct a constitutional violation." *Duckworth*, 454 U.S. at 4 (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)). Whether Petitioner's constitutional rights have been violated is an arguable question, and, thus, he has failed to meet this high bar. Therefore, this Court agrees with Magistrate Judge Atkins that his petition must be denied, and, consequently, it adopts the remainder of his reasoning set forth in the Report and Recommendation as its own.

With respect to Petitioner's Motion to Appoint Counsel, the constitutional "right to appointed counsel

4

extends to the first appeal of right, and no further."
*Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).  Although
a federal court has the power to appoint counsel for a
"financially eligible person" seeking habeas relief in
federal court when "the interests of justice so require,"
Petitioner's case is not properly considered in federal
court at this time since he has yet to exhaust his state
court remedies.  18 U.S.C. § 3006A(a)(2).  Further, the
Court agrees with the Magistrate Judge that the Court has
no authority to appoint counsel to assist Petitioner in his
pending state court actions.  Thus, Petitioner's Motion to
Appoint Counsel is also appropriately denied.

Finally, the Court also considers whether a
certificate of appealability should issue in this matter.
"A certificate of appealability may issue . . . only if the
applicant has made a substantial showing of the denial of a
constitutional right."  28 U.S.C. § 2253(c)(2).  More
specifically, Petitioner must be able to show that
reasonable jurists could find in his favor, and the
"question is the debatability of the underlying
constitutional claim, not the resolution of that debate."
*Miller-El v. Cockrell*, 537 U.S. 322, 342 (2003).  In the
present case, Petitioner cannot make a substantial showing
that his constitutional rights have been denied.  Indeed,

reasonable jurists could not find in Petitioner's favor at this time, since, as the Supreme Court notes, it has been settled since 1886 "that a state prisoner has to exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard*, 404 U.S. at 275. Therefore, having carefully considered the matter, this Court concludes that no certificate should issue.

Accordingly, **IT IS ORDERED:**

(1) that the Magistrate Judge's Report and Recommendation [Record No. 11] is **ACCEPTED** and **ADOPTED**;

(2) that Petitioner's Petition for Writ of Habeas Corpus [D.E. 1] is **DENIED**; and

(3) that Petitioner's Motion to Appoint Counsel [D.E. 9] is **DENIED**; and

(3) that no certificate of appealability will issue.

This is the 11th day of January, 2013.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge