UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 7:12-CV-66-JMH-EBA

DONALD TERRY BARTLEY,                                              PETITIONER,

V.                          **MAGISTRATE JUDGE'S REPORT**
                            **AND RECOMMENDATION**

GARY BECKSTROM, *Warden*,                                         RESPONDENT.

**INTRODUCTION**

Petitioner Donald Terry Bartley is serving a life sentence, in addition to three twenty (20) year sentences, subject to parole eligibility following the initial twenty-five (25) years of his imprisonment. [R. 11 at 1]. Petitioner serves his sentences as punishment for the three murders he committed. In addition to the three murders, Petitioner also serves his sentences as punishment for one attempted murder, three first-degree robberies, and two first-degree burglaries. [R. 11 at 1–2; R. 7-3 at 1–2 (these charges were prosecuted in both Jackson and Letcher County)]. The undersigned previously reviewed this Petition for Habeas Corpus under 28 U.S.C. § 2254, [R. 1], recommending the denial of this Petition for a failure to exhaust state-court remedies, [*see generally* R. 11]. The result was adopted by the presiding District Judge, resulting in the dismissal of this matter without prejudice. [R. 13; R. 14]. Petitioner is now before the undersigned again on the same Petition, claiming that his Petition is now ripe for review. [R. 16; R. 17; R. 18; R. 19; R. 20; *et al.*]. For the reasons provided below, it is recommended that Petitioner's Petition for Habeas Corpus again be denied and stricken from the Court's active docket, this time with prejudice.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The factual background of Petitioner's case is reproduced here, from the Kentucky Court

of Appeals' opinion discussing one of Petitioner's state post-conviction appeals:

> Donald Terry Bartley appeals from a denial of post-conviction relief. Bartley is serving a sentence of life without possibility of parole for twenty-five (25) years and three twenty (20) year sentences for murder, attempted murder, robbery, and burglary . . . .

> The background of this case appears in *Epperson v. Commonwealth*, Ky. 809 S.W.2d 835, 838 (1990), *cert. denied*, 502 U.S. 1037 (1992):

> On August 8, 1985, Donald Bartley and [Benny] Hodge entered the home of the victim [Tammy Aker] and her father [Dr. Aker] posing as F.B.I. agents. Once inside, Hodge produced a gun and tied the father while Bartley took the daughter into a back bedroom and tied her. Both the father and the daughter had their heads covered. [Roger] Epperson, who had been waiting in an automobile outside the home, was radioed and told to enter. The three men ransacked the house until a safe was found and the father was forced to open it. Almost $2 million in cash, some weapons and jewelry were found by the three men. Hodge is charged with then killing the daughter by stabbing her twelve times in the back with a large kitchen knife, while Epperson and Bartley choked the father into unconsciousness with an electric cord. The three men then left the home. All three were arrested in Florida and returned to Kentucky for trial. Bartley turned prosecution witness and gave a detailed statement identifying both Hodge and Epperson as principals in the crimes.

> Bartley, Hodge, and Epperson were also indicted on charges of murder, robbery, and burglary in Jackson County in connection with separate incidents. Bartley pleaded guilty in Letcher Circuit Court to murder, attempted murder, robbery, and burglary in May 1987. He asked to have a jury empaneled for sentencing, but later changed his mind and was sentenced by the court.

*Bartley v. Commonwealth of Kentucky*, No. 97-CA-0267-MR, 1–3 (Ky. Ct. App. Aug. 28, 1998).

Following his conviction in the Letcher County, Kentucky, Circuit Court, Petitioner was sentenced to "a term of imprisonment for life without benefit of probation or parole until he has served a minimum of twenty-five (25) years of his sentence." [R. 1-1 at 1 (citing Ky. Rev. Stat. § 532.030(1))]. In addition, Petitioner was made subject to three twenty (20) year terms of imprisonment for murder, attempted murder, robbery, and burglary. Defendant will continue to serve his sentences unless or until he is released on parole. *Bartley*, No. 97-CA-0267-MR at 1.

Immediately after his sentencing, Petitioner filed a Ky. R. Civ. P. 11.42 motion in Letcher

County, Kentucky, Circuit Court. Before the circuit court could rule on the matter, however, Petitioner filed a 28 U.S.C. § 2254 Petition, which was denied for a failure to exhaust state court remedies. Petitioner appealed that decision to the Sixth Circuit, which upheld the denial of his 28 U.S.C. § 2254 Petition. *Bartley v. Sowders*, 898 F.2d 153 (6th Cir. 1990). Several years later, in 1996, Petitioner filed another Ky. R. Civ. P. 11.42 motion, which was denied by both the Letcher County, Kentucky, Circuit Court and the Kentucky Court of Appeals. *Bartley v. Commonwealth of Kentucky*, No. 97-CA-0267-MR (Ky. Ct. App. Aug. 28, 1998). There is no evidence that Petitioner appealed the Kentucky Court of Appeals' ruling that Petitioner was not entitled to relief under Ky. R. Civ. P. 11.42. Petitioner did not file another 28 U.S.C. § 2254 petition at that time.

Because Petitioner was never found to be entitled to habeas corpus relief, he continued to serve out his sentences. After serving his initial twenty-five (25) year term of imprisonment, however, Petitioner became eligible and was evaluated for parole, which was denied. *See* Ky. Rev. Stat. § 532.030(1). But, because Petitioner believed that the terms of a plea agreement and Ky. Rev. Stat. § 532.030(1) entitled him to parole as a matter of right, he filed two civil actions—one in the Kentucky Court of Appeals and another in the Franklin County, Kentucky, Circuit Court— seeking the courts to order his release on parole. *Bartley v. Winburn*, 2015 WL 2445542, 3 (Ky. Ct. App. 2013); *see also Bartley v. Wright*, 2011-CA-001373 (Ky. Ct. App. 2011). While both of those actions remained pending, on July 5, 2012, Petitioner filed the 28 U.S.C. § 2254 Petition presently before the undersigned. [R. 1]. At that time, this Petition was denied, because Petitioner had not yet exhausted his state court remedies. [R. 11 ("[O]nce final decisions are rendered in the pending state court cases and any state appeal procedures exhausted, Bartley may properly seek review by the federal court."); R. 13; R. 14; R. 19]. The matter was effectively held in abeyance for more than three years.

A final judgment on the matter of whether parole must have been granted to Petitioner was entered by the Supreme Court of Kentucky on March 21, 2013. *Bartley v. Wright*, 2013 WL 1188060 (Ky. Mar. 21, 2013). The Supreme Court of Kentucky found that Petitioner's parole was permissibly denied. *Id.* at *2 ("Parole is at most a privilege, not a right."). Petitioner's Franklin County, Kentucky, Circuit Court, case also resulted in the denial of Petitioner's request for parole. *Bartley v. Winburn*, 2015 WL 2445542 (Ky. Ct. App. 2015). In April of 2016, Petitioner sought to reinstate this 28 U.S.C. § 2254 Petition, claiming he had exhausted his state-court remedies. [R. 16]. Without making a decision on whether Petitioner had exhausted his state-court remedies, the Court's Judgment dismissing the present 28 U.S.C. § 2254 Petition was amended to permit the undersigned to reconsider whether Petitioner is entitled to habeas corpus relief. [R. 14; R. 19]. Petitioner's sole claim is that he is entitled to parole as a matter of right under Ky. Rev. Stat. § 532.030(1), pursuant to the terms of a plea agreement, after having served his the first twenty-five (25) years of his sentence. [R. 1-1 at 1, 4, 8].[1]

## I. WHETHER PETITIONER EXHAUSTED HIS STATE COURT REMEDIES

The Commonwealth argues that Petitioner failed to exhaust his state-court remedies, because he did not appeal the Kentucky Court of Appeals ruling in his case, *Bartley v. Winburn*, 2015 WL 2445542 (Ky. Ct. App. 2015). [R. 21 at 1–2]. The Commonwealth is correct to cite the exhaustion requirement, as—with rare exception—state prisoners must exhaust their state-court remedies before they may be granted habeas corpus relief in the federal court system. *See, e.g.*, 28 U.S.C. § 2254(b), (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *but see* 28 U.S.C. § 2254(b)(2). To satisfy the exhaustion requirement, the petitioner must fairly present all of his or her claims to

---

[1] Petitioner requests that a writ of mandamus be issued to force his release on parole. [R. 1-1 at 17]. Petitioner believes the denial of parole violates not only the applicable statutes and the terms of his plea agreement, but also the Eighth and Fourteenth Amendments to the United States Constitution, and Section Seven of the Constitution of Kentucky. [*Id.* at 11]. He does not provide any argument as to why this is the case.

the highest court in the state in which the prisoner was convicted, giving the relevant state courts a full opportunity to rule on the petitioner's claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The petitioner must allege "the same claim under the same theory" presented to the state courts. *Wagner v. Smith*, 581 F.3d 410, 418 (6th Cir. 2009). The petitioner bears the burden of proving that he or she has exhausted his or her state-court remedies. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

In certain limited situations, however, a prisoner's failure to exhaust his or her state-court remedies will not bar the consideration of his or her claims. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). For example, "if it is perfectly clear that the applicant does not raise even a colorable federal claim, the interests of the petitioner, the warden, the state attorney general, the state courts, and the federal courts will all be well served . . . [if] the district court denies the habeas petition." *Id.* at 135. In other cases, exhaustion may not preclude hearing a petitioner's claims where remanding unexhausted issues would be a waste of time. *See Cain v. Redman*, 947 F.2d 817, 820 (6th Cir. 1991) ("[A] remand to the district court for a hearing would be a waste of time. . . . [W]e therefore will proceed to review the district court's [] analysis without requiring a possibly unnecessary resolution of the issues of exhaustion and procedural default.").

Petitioner filed an original action in the Kentucky Court of Appeals, and he pursued that action to the Supreme Court of Kentucky. *Bartley v. Wright*, 2013 WL 1188060 (Ky. Mar. 21, 2013). Similarly, Petitioner filed an original action in the Franklin County, Kentucky, Circuit Court, which he appealed to the Kentucky Court of Appeals. *Bartley v. Winburn*, 2015 WL 2445542, 3 (Ky. Ct. App. 2015). There is no indication that Petitioner sought review of the Kentucky Court of Appeals' decision of his Franklin County case by the Supreme Court of Kentucky. Notably, however, the issue originating in Petitioner's Franklin County case was

identical to that of his case originating in the Kentucky Court of Appeals, which Petitioner did bring before the Supreme Court of Kentucky. *Bartley*, 2013 WL 1188060.

As stated by the Kentucky Court of Appeals, on review of the decision of the Franklin County, Kentucky, Circuit Court:

> The petition in this Court asked that the Letcher Circuit Court and prosecutor be required to abide by the plea agreement, which Bartley thought entitled him to parole. The petition filed in the Franklin Circuit Court asked that the Parole Board be forced to grant his parole request, which Bartley claimed it was obligated to do pursuant to the terms of the plea agreement. The driving force behind the petitions was nearly identical. . . .

*Bartley v. Winburn*, 2015 WL 2445542, *1 (Ky. Ct. App. 2015); *see also Bartley v. Wright*, 2013 WL 1188060 (Ky. Mar. 21, 2013). Thus, in both Petitioner's Court of Appeals and Franklin County cases—like here—Petitioner's sole claim was and is that he was entitled to parole under the terms of a plea agreement and Kentucky law, and that he should be released from incarceration and placed on parole. [R. 1-1 at 1 ("[U]pon completing the mandatory minimum of twenty-five (25) years, Respondent has failed and/or refused to release Bartley from incarceration despite the plain and unambiguous meaning of the statute and sentence as commonly understood twenty-five years ago.")].

This falls well-within the exhaustion exception of *Granberry v. Greer*, 481 U.S. 129, 135 (1987), as recognized by the Sixth Circuit, *Cain v. Redman*, 947 F.2d 817, 820 (6th Cir. 1991). This is because the exhaustion rule does not require futile repetitive presentations to the same court. *Fields v. Bagley*, 275 F.3d 478, 482–83 (6th Cir. 2001); *Tuggle v. Seabold*, 806 F.2d 87, 91 (6th Cir. 1986); *see also Turner v. Bagley*, 401 F.3d 718, 724 (6th Cir. 2005) ("a habeas court should excuse exhaustion where further action in state court would be an exercise in futility").[2]

---

[2] A petition for a writ of habeas corpus under 28 U.S.C. § 2254 may be *denied* on the merits notwithstanding the failure of the petitioner to exhaust his or her state court remedies. 28 U.S.C. § 2254(a)(2).

The Supreme Court of Kentucky has already evaluated and rejected the precise claim presented to the undersigned, [R. 1-1 at 1, 4, 8]: whether Petitioner is entitled to parole as a matter of right under Ky. Rev. Stat. § 532.030(1), pursuant to the terms of a plea agreement, after having served the first twenty-five (25) years of his sentence. *Bartley v. Wright*, 2013 WL 1188060 (Ky. Mar. 21, 2013).

## II. STANDARD OF REVIEW

Title 28 United States Code § 2254(d) provides that a petition for a writ of habeas corpus shall not be granted with respect to any claim already adjudicated on the merits in a state court proceeding, unless (1) the adjudication of the claim resulted in a decision that is contrary to the Constitution or laws of the United States, or (2) the adjudication of the claim was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(1) is known as the "contrary to" clause. Under this clause, a federal court may grant habeas corpus relief if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently that the Supreme Court on materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *White v. Mitchell*, 431 F.3d 517, 523 (6th Cir. 2005). 28 U.S.C. § 2254(d)(2) is known as the "unreasonable application" clause. A petition for a writ of habeas corpus may be granted under this clause if and only if a state court unreasonably extends or refuses to extend a legal principle from Supreme Court precedent, or unreasonably applies such a principle to the facts. *Williams*, 529 U.S. at 407; *White*, 431 F.3d at 523; *Arnett v. Jackson*, 393 F.3d 681, 686 (6th Cir. 2005).

The proper inquiry for the unreasonable application analysis is whether the state court decision was "objectively unreasonable," not simply erroneous or incorrect. *Williams*, 529 U.S. at 409–11; *Lordi v. Ishee*, 384 F.3d 189, 195 (6th Cir. 2004). A state court decision is not an

unreasonable application of Supreme Court precedent merely because the decision's reasoning is flawed. *Holder v. Palmer*, 588 F.3d 328, 337 (6th Cir. 2009). To determine whether a state court has engaged in an unreasonable application of the law, the reviewing court must look to Supreme Court precedent in force at the time of the petitioner's last state-court decision. *Greene v. Fisher*, 56 U.S. 34, 38 (2011); *Jones v. Jamrog*, 414 F.3d 585, 591 (6th Cir. 2005). "The state-court decision need not refer to relevant Supreme Court cases or even demonstrate an awareness of them." *Slagle v. Bagley*, 457 F.3d 501, 513 (6th Cir. 2006) (citing *Early v. Packer*, 537 U.S. 3, 8 (2002)). "Instead, it is sufficient that the result and reasoning are consistent with Supreme Court precedent." *Id.* at 514. "Under AEDPA, if there is no 'clearly established Federal law, as determined by the Supreme Court,' that supports a habeas petitioner's legal argument, the argument must fail." *Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005) (quoting 28 U.S.C. § 2254(d)(2)).

"Ultimately, AEDPA's highly deferential standard requires that this court give the state-court decision the 'benefit of the doubt.'" *Slagle*, 457 F.3d at 514. The standard of review articulated in *Maldonado v. Wilson*, 416 F.3d 470, 475 (6th Cir. 2005), applies where the state court adjudicated the petitioner's claim, but did not directly address the constitutional issue. *Vasquez v. Jones*, 496 F.3d 564, 569–70 (6th Cir. 2007). "This standard of review requires the court to conduct a careful review of the record and applicable law, but nonetheless bars the court from reversing unless the state court's decision is contrary to or an unreasonable application of federal law." *Maldonado*, 416 F.3d at 476 (citing *Howard v. Bouchard*, 405 F.3d 459, 467 (6th Cir. 2005); *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000)).

### III. WHETHER PETITIONER IS ENTITLED TO RELIEF

Petitioner presents only one claim in his Petition: that he is entitled to parole as a matter of

right under Ky. Rev. Stat. § 532.030(1), pursuant to the terms of a plea agreement, after having served the first twenty-five (25) years of his sentence. [R. 1-1 at 1, 4, 8].[3] Petitioner believes the denial of parole in his case violates the applicable statutes and the terms of his alleged plea agreement. [R. 1-1 at 11]. This question has been denied by the courts of Kentucky, *see, e.g.*, *Bartley v. Wright*, 2013 WL 1188060 (Ky. Mar. 21, 2013), and Petitioner presents no novel argument here.

Petitioner has put forward no evidence to lead the undersigned to question the facts preserved in the state court opinions on the matter of his release on parole. *Bartley v. Wright*, 2013 WL 1188060 (Ky. Mar. 21, 2013); *Bartley v. Winburn*, 2015 WL 2445542 (Ky. Ct. App. 2015). Nowhere does Petitioner dispute the basic facts of his case: that he was evaluated for and denied parole after serving the first twenty-five (25) years of his prison sentence. For that reason, this Court shall presume that the factual record of this case as stated by the Kentucky Court of Appeals and Kentucky Supreme Court are correct. 28 U.S.C. § 2254(e)(1). In addition, the undersigned need not further examine the trial records because "(1) the state court opinions summarize the [] relevant facts; and (2) the petitioner does not quarrel with that summary and instead contends only that the trier of fact should have reached a different conclusion.'" *Clark v. Waller*, 490 F.3d 551, 556 (6th Cir. 2007) (quoting *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993)). Thus, the undersigned is restricted to a careful review of the record and applicable law, and prohibited from granting this Petition "unless the state court[s'] decision[s are] contrary to or an unreasonable application of federal law." *Maldonado v. Wilson*, 416 F.3d 470, 475 (6th Cir. 2005).

Petitioner's argument, as clarified by two sentences in his Petition, is not a challenge to the

---

[3] Petitioner requests that a writ of mandamus be issued to force his release on parole. [R. 1-1 at 17]. Because the undersigned recommends the denial of this Petition, however, the issue of whether a writ of mandamus should issue has been rendered moot.

judgment against him or his conviction. [R. 1-1 at 1]. Rather, Petitioner's challenge centers on the claim that the Parole Board should have released him following the first twenty-five (25) years of his sentence, as Petitioner claims they were required to do under the terms of a plea agreement and the applicable statutes:

> The state court entered a judgment on guilty plea and sentence resulting in an aggregated, "life without the benefit of probation or parole until he has served a minimum of twenty-five (25) years of his sentence," under statutes KRS 532.030(1) and KRS 532.110(1)(c).

> On or about August 2010, upon completing the mandatory minimum of twenty-five (25) years, Respondent has failed and/or refused to release Bartley from incarceration despite the plain and unambiguous meaning of the statute and sentence as commonly understood twenty-five years ago.

[R. 1-1 at 1]. As Petitioner's argument is a challenge to the execution of his sentence—not the underlying judgment—the question presented to the undersigned is further restricted to whether Petitioner's sentence has been *executed*, and enforced by Kentucky courts, in a manner that is contrary to federal law. *See Allen v. White*, 185 F. App'x. 487, 490 (6th Cir. 2006) ("§ 2254 allows state prisoners to collaterally attack either the imposition or the execution of their sentences. And, indeed, there exists some question whether state prisoners may ever proceed under § 2241.").

### A. Federal Law Does Not Entitle Petitioner to Release Under Ky. Rev. Stat. § 532.030 or Ky. Rev. Stat. § 532.025

Petitioner alleges that that the Parole Board was required to release him under the terms of Ky. Rev. Stat. § 532.030. [R. 1-1 at 4]. Both Ky. Rev. Stat. § 532.030 and Ky. Rev. Stat. § 532.025, however, were cited by the Supreme Court of Kentucky as the statutes used by the trial judge to sentence Petitioner to his current term of imprisonment. *Bartley v. Wright*, 2013 WL 1188060, *2 (Ky. Mar. 21, 2013). Thus Petitioner presents the vague argument that Ky. Rev. Stat. § 532.030 and, by implication, Ky. Rev. Stat. § 532.025 entitle him to parole after twenty-five (25) years, and that he should have been released by the Parole Board in accord with these sentencing statutes

following the first twenty-five (25) years of his sentence. [R. 1]. As an initial matter, federal law does not recognize any constitutional right to parole. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). A state, however, may create a legitimate claim of entitlement to parole, which is entitled to protection under the due process clause of the Fourteenth Amendment, through the inclusion of mandatory language in a sentencing and parole statute. *Id.*

Whether a state's parole "statute provides a protectable entitlement must be decided on a case-by-case basis," determined by specific, mandatory language in a specific state parole statute. *Id.* at 12; *see also Allen*, 482 U.S. at 373–77. Accordingly, whether Petitioner is entitled to parole under federal law depends entirely on the language used in Kentucky statutes. *Crump v. Lafler*, 657 F.3d 393, 399 (6th Cir. 2011) (a legitimate claim of entitlement to parole can only arise where the state parole "statute contains mandatory language that creates a presumption of release when the designated findings are made"). Due to the language of the statutes, however, and for other reasons that follow, the undersigned is precluded from reversing the state-court decisions in this case with regard to their conclusions on Ky. Rev. Stat. § 532.030 and Ky. Rev. Stat. § 532.025, as neither statute creates a claim of entitlement. *Maldonado v. Wilson*, 416 F.3d 470, 475 (6th Cir. 2005).

Both Ky. Rev. Stat. § 532.025(3) and Ky. Rev. Stat. § 532.030 describe Petitioner's term of imprisonment in the same manner. Ky. Rev. Stat. § 532.025(3) describes Petitioner's sentence as "imprisonment for life without benefit of probation or parole, or the sentence to imprisonment for life without benefit of probation or parole until the defendant has served a *minimum* of twenty-five (25) years of his sentence." (emphasis added). Ky. Rev. Stat. § 532.030(1) describes Petitioner's sentence as "a term of imprisonment for life without benefit of probation or parole until he has served a *minimum* of twenty-five (25) years of his sentence." (emphasis added).

Neither of these statutes provide for the outcome Petitioner seeks, his immediate release on parole after serving a *maximum* of twenty-five (25) years of imprisonment. [R. 1; R. 1-1]. Both provide that Petitioner must have served a *minimum* of twenty-five (25) years in prison before he could have become eligible for parole, which is not guaranteed at any time under Kentucky's statutory scheme. *Bartley v. Wright*, 2013 WL 1188060, *2 (Ky. Mar. 21, 2013) (citing Ky. Rev. Stat. § 532.025(3); Ky. Rev. Stat. § 532.030(1)).

Both the Supreme Court of Kentucky and the Kentucky Court of Appeals reached this same conclusion. *Bartley v. Wright*, 2013 WL 1188060 (Ky. Mar. 21, 2013); *Bartley v. Winburn*, 2015 WL 2445542 (Ky. Ct. App. 2015). "[I]t appears Bartley's claim is [] driven by a misunderstanding of his sentence." *Bartley*, 2013 WL 1188060, *2. The statutory language of the statutes under which Petitioner was sentenced provide for the potential benefit of probation or parole only after Petitioner has served a *minimum* of twenty-five (25) years in prison, not a *maximum* of twenty-five (25) years in prison. Ky. Rev. Stat. § 532.025(3); Ky. Rev. Stat. § 532.030(1). To read otherwise "depends on a misreading of the statute and any plea bargain under the statute." *Bartley*, 2013 WL 1188060, *2. "Bartley is not entitled to a writ of mandamus against the Letcher Circuit Court or the Commonwealth." *Id.* Citing the prior opinion of the Supreme Court of Kentucky on the same issue, the Kentucky Court of Appeals also held "Bartley has presented no grounds entitling him to relief," *Bartley*, 2015 WL 2445542, *2, because it has been long-established that "parole is not a right but a privilege," *id.* (citing *Commonwealth v. Polsgrove*, 22 S.W.2d 126, 128 (Ky. 1929)).

The undersigned can find no constitutional reason to come to a different result for purposes of this Petition. Ky. Rev. Stat. § 532.030; Ky. Rev. Stat. § 532.025; *see also* Ky. Rev. Stat. § 439.3401 (restricting parole eligibility for violent offenders such as Petitioner); Ky. Rev. Stat. §

439.340 (providing that prisoners *may* be released on parole at the *discretion* of the Parole Board); *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979) (requiring mandatory language); *Board of Pardons v. Allen*, 482 U.S. 369 (1987) (same).

Petitioner has failed to cite—and the undersigned is unaware—of any federal precedent or law that would be grounds for the reversal of the state court decisions under the standard articulated in *Maldonado v. Wilson*, 416 F.3d 470, 475 (6th Cir. 2005) (prohibiting reversal unless the state-court decisions are contrary to or an unreasonable application of federal law). Federal law has never recognized a right to parole. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Id.* "Given a valid conviction, the criminal defendant has been constitutionally deprived of his liberty." *Id.* (quoting *Meachum v. Fano*, 427 U.S. 215, 224 (1976)).

Rather, *Greenholtz* and *Board of Pardons v. Allen*, 482 U.S. 369 (1987), mandate that unless a state law creates a legitimate claim of entitlement to parole, there is no liberty interest in parole for federal law to protect. A state may establish a parole system, but there is absolutely no constitutional duty to do so. *Greenholtz*, 442 U.S. at 8. Further, once a state has established a parole system, there is no promise of constitutional protection, because it is not necessarily true that a state's parole system creates a legitimate claim of entitlement. *Allen*, 482 U.S. at 373.

There is no indication in either Ky. Rev. Stat. § 532.030 or Ky. Rev. Stat. § 532.025 that Kentucky's legislature intended to create a legitimate claim of entitlement to parole, and the statutes are want of any mandatory language with regard to the description of parole. In fact, Kentucky's parole statute, which Petitioner fails to cite, provides that whether a prisoner may be released on parole is generally subject to the sole discretion of a parole board. Ky. Rev. Stat. §

439.340 (providing that prisoners *may* be released on parole at the *discretion* of the Parole Board). Kentucky Courts have also repeatedly found that there is no legitimate claim of entitlement to parole in Kentucky's statutory scheme. *Land v. Commonwealth*, 986 S.W.2d 440, 442 (Ky. 1999) (citing *Fowler v. Black*, 364 S.W.2d 164 (Ky. 1963); *Lynch v. Wingo*, 425 S.W.2d 573 (Ky. 1968); *Belcher v. Ky. Parole Bd.*, 917 S.W.2d 584 (Ky. Ct. App. 1996)). In Kentucky, "[p]arole is simply a privilege and the denial of such has no constitutional implications." *Id.* (citing *Morris v. Wingo*, 428 S.W.2d 765 (Ky. 1968); *Tiryung v. Commonwealth*, 717 S.W.2d 503 (Ky. Ct. App. 1986)). Accordingly, because Petitioner fails to demonstrate—and the law fails to support—a legitimate claim of entitlement to parole under Ky. Rev. Stat. § 532.030 or Ky. Rev. Stat. § 532.025, or any other Kentucky statute, Petitioner is not entitled to relief on this ground.

### B. Whether Petitioner is Entitled to Parole Under the Terms of a Plea Agreement

In his Memorandum attached to his Petition, Petitioner alleges that a "plea bargain" existed, which provided for his release on parole at some point following the initial twenty-five (25) years of his sentence. [R. 1-1 at 8]. Petitioner's own statements seem to render this argument moot. [*Id.* ("The contractual plea required Bartley to serve a *minimum* of twenty-five (25) years of his sentence before the applicability of the benefit of probation or parole would be granted.") (emphasis added)]. Nonetheless, Petitioner does present the vague claim that the Parole Board and Kentucky Court have violated the terms of Petitioner's alleged plea agreement through their failure to release him following the initial twenty-five (25) years of his imprisonment. [*See* R. 1-1 at 8].

There is no evidence, however, that a plea agreement actually existed in Petitioner's case. *Compare Bartley v. Commonwealth*, No. 97-CA-0267, 6 (Ky. Ct. App. Aug. 28, 1998) ("No written plea agreement appears in the record, and at no time in either the guilty plea or sentencing hearings is the Commonwealth's [sentencing] recommendation clearly defined."), *with Bartley v.*

*Wright*, 2013 WL 1188060, *1 (Ky. Mar. 21, 2013) ("there was no written plea deal," but, if an oral plea bargain existed, any argument that it was breached is procedurally defaulted), *and Bartley v. Winburn*, 2015 WL 2445542 (Ky. Ct. App. 2015) (finding no evidence of a plea agreement, but observing Petitioner's argument that one did exist). In addition, even assuming there were a plea agreement between Petitioner and the Commonwealth, the state court opinions also indicate varying claims with regard its terms, presumably due to Petitioner's inconsistent arguments about the contents of the alleged agreement. *Compare Bartley v. Commonwealth*, No. 97-CA-0267, 3 (Ky. Ct. App. Aug. 28, 1998) ("[Petitioner claims that the] Commonwealth promised to recommend a total sentence of two hundred years and assured him he would be eligible for parole in *eight years*. The Commonwealth argues, and the circuit court found, that if there was an agreement it was only that the Commonwealth would not seek the death penalty."), *with Bartley v. Wright*, 2013 WL 1188060, *1 (Ky. Mar. 21, 2013) (same), *and Bartley v. Winburn*, 2015 WL 2445542, *2 (Ky. Ct. App. 2015) ("Bartley also argues that because the 'benefit of parole' language was included in his plea agreement—a binding contract—he is entitled to the benefit of the bargain he struck with the prosecutor: parole after serving *twenty-five years* in prison.").

In addition, although Petitioner continues to claim that a written plea agreement existed in his case, [R. 1-1 at 9 (claiming a "written contract")], he has submitted *zero* factual evidence of such in the past six (6) years that this Petition has been pending before this Court. To the extent that some plea agreement did exist, whether written or oral, it appears that its terms were only that, should Petitioner plead guilty to his crimes, the Commonwealth would recommend that Petitioner's punishment be life imprisonment—rather than death—with parole eligibility to follow the initial twenty-five (25) years of his sentence. The Supreme Court of Kentucky made an identical finding. *Bartley v. Wright*, 2013 WL 1188060, *1 (Ky. Mar. 21, 2013).

Applying the standard of review mandated by *Maldonado v. Wilson*, 416 F.3d 470, 476 (6th Cir. 2005) (the court must "conduct a careful review of the record and applicable law," but is barred "from reversing unless the state court's decision is contrary to or an unreasonable application of federal law"), the undersigned concludes that Petitioner has stated no valid ground for relief with regard to any plea agreement, because there is no evidence that any such plea agreement actually existed. The Parole Board and Kentucky courts cannot have come to conclusions that are contrary to or an unreasonable application of federal law with regard to Petitioner's alleged plea agreement, when there is no plea agreement for them to have enforced. *Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005) ("Under AEDPA, if there is no 'clearly established Federal law, as determined by the Supreme Court,' that supports a habeas petitioner's legal argument, the argument must fail.").

## CONCLUSION

Petitioner presented only one claim in his Petition: that he is entitled to parole as a matter of right under Ky. Rev. Stat. § 532.030(1), pursuant to the terms of a plea agreement, after having served the first twenty-five (25) years of his sentence. [R. 1-1 at 1, 4, 8]. He has not stated a single ground, however, entitling him to habeas corpus relief in this Court. None of the bases he has articulated are contrary to or an unreasonable application of federal law. 28 U.S.C. § 2254; *Maldonado v. Wilson*, 416 F.3d 470, 475 (6th Cir. 2005). Accordingly,

**IT IS RECOMMENDED** that Petitioner's Petition for a Writ of Habeas Corpus be **DENIED** and **DISMISSED WITH PREJUDICE**.

Particularized objections to this Report and Recommendation must be filed within fourteen (14) days of the date of service of the same or further appeal is waived. 18 U.S.C. § 636(b)(1); *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Bituminous Cas. Corp. v. Combs*

*Contracting Inc.*, 236 F. Supp. 2d 737, 749–50 (E.D. Ky. 2002). Generalized objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

This the 24th day of July, 2018.



Signed By:

*Edward B. Atkins*    𝓔𝜝𝚨

United States Magistrate Judge