UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at PIKEVILLE**

| | |
|---|---|
| DONALD TERRY BARTLEY, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>GARY BECKSTROM, Warden, )<br>)<br>Respondent. )<br>) | Civil Case No.<br>7:12-cv-066-JMH-EBA<br><br>**MEMORANDUM OPINION<br>& ORDER** |

\*\*\*

This matter is before the Court on the Report and Recommendation of Magistrate Judge Edward B. Atkins. [DE 29]. Kentucky state prisoner Donald Terry Bartley, proceeding pro se, filed a motion pursuant to 28 U.S.C. § 2254. [DE 16]. A magistrate judge conducted a preliminary review of Bartley's claims and recommended that Bartley's motion be denied with prejudice upon initial review. [DE 29]. Bartley objected to the Magistrate Judge's Report and Recommendation. [DE 31].

Having considered the matter de novo, the Court adopts Magistrate Judge Atkin's recommendation as its own because Bartley did not automatically become entitled to parole after serving twenty-five years of imprisonment. Additionally, Bartley has failed to demonstrate that he is entitled to parole based on the terms of a plea agreement. As such, Bartley's habeas claim pursuant to 28 U.S.C. § 2254(d) is **DENIED WITH PREJUDICE**.

1

## I. Procedural and Factual Background

Bartley states that he "objects to the Magistrate Judge's R&R in its entirety as to the characterization of the sentence and the issues presented." [DE 31 at 1, Page ID # 447]. Still, Bartley does not object to the factual and procedural background outlined in Magistrate Judge Atkin's recommendation. In fact, Bartley appears to only object to the Magistrate Judge's legal findings and conclusions in Parts III(A) and III(B) of the Report and Recommendation [DE 29]. [See DE 31]. As such, the Court adopts the accurate procedural and factual recitation in Judge Atkin's Report and Recommendation as its own. [DE 29 at 1-4, Page ID # 402-05].

## II. Standard of Review

28 U.S.C. § 2254(d) states:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted . . . unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As amended by AEDPA, Section 2254 "sets several limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner." *Cullen v.*

*Pinholster*, 563 U.S. 170, 181 (2011). First, Section 2254(a) states that a federal court may "entertain an application for a writ on habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Section 2254(b) and (c) provide that, subject to certain exceptions, a habeas petitioner must exhaust state remedies.

The petitioner carries the burden of proof. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002) (*per curiam*). The Section 2254 standard is "difficult to meet," *Harrington v. Richter*, 562 U.S. 86, 102 (2011), and is a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford*, 537 U.S. at 24 (citation and internal quotation marks omitted). Finally, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen*, 563 U.S. at 181.

A habeas petitioner may object to a magistrate judge's report and recommendation. Fed. R. Civ. P. 72(b)(2). If the petitioner objects, "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). "Only those specific objections to the magistrate's report made to

the district court will be preserved for appellate review." *Carson v. Hudson*, 421 F. App'x 560, 563 (6th Cir. 2011) (quoting *Souter v. Jones*, 395 F.3d 577, 585–86 (6th Cir. 2005)).

### III. Analysis

In February 1988, Bartley pleaded guilty to first-degree robbery, first-degree burglary, attempted murder, and murder in Letcher Circuit Court. [DE 21-1 at 2, Page ID # 295]. On the murder conviction, Bartley was sentenced to "imprisonment for life without the benefit of probation and parole until he has served a minimum of twenty-five years in the Kentucky State Penitentiary[.]"[1] [*Id.*; DE 1-1 at 1, Page ID # 17].

Bartley became *eligible* for parole in 2009. [DE 21-1 at 2, Page ID # 295]. The Kentucky parole board denied Bartley's request for parole, however, citing "the seriousness of the crimes, the violence involved, crime involving a firearm/deadly weapon or instrument, life taken, and Bartley's history of prior felony convictions." [*Id.*].

Now, Bartley's only claim in this habeas petition is that he is entitled to parole under K.R.S. § 532.030(1) after serving

---

[1] The opinion of the Kentucky Court of Appeals also notes that Bartley "was sentenced to twenty years' imprisonment on each of the remaining charges, to be served consecutively." [DE 21-1 at 2 n.1, Page ID # 295]. Furthermore, Bartley pleaded guilty in Clay Circuit Court to two counts of murder, first-degree robbery, and first degree-burglary, for which he was sentenced to forty-five years' imprisonment. [*Id.* at 2].

4

twenty-five years of his sentence.  [R 1-1 at 1, 4, 8, Page ID # 17, 20, 24].  Bartley claims that the denial of parole violates applicable Kentucky statutes and the terms of his plea agreement.  [Id. at 11, Page ID # 27].  Bartley's claim has been denied by the courts of Kentucky and the Magistrate Judge concurs.  *See Bartley v. Wright*, No. 2012-SC-643-MR, 2013 WL 1188060 (Ky. Mar. 21, 2013); *Bartley v. Winburn*, No. 2013-CA-510-MR, 2015 WL 2445542 (Ky. Ct. App. May 22, 2015; *see also* DE 29.

**A. Exhaustion of State Court Remedies**

Neither party objected to the Magistrate Judge's findings in Part I concerning the exhaustion of petitioner's state court remedies.  [See DE 29 at 4-7, Page ID # 405-08].  Thus, the Court adopts the Magistrate Judge's recommendation in Part I as its own.

**B. Whether Federal Law Entitles Petitioner to Relief Under K.R.S. §§ 532.025 and 532.030**

First, Bartley has failed to demonstrate that the denial of parole resulted in an outcome that was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. § 2254(d)(1).  Bartley's primary argument appears to be that the language in K.R.S. § 532.030(1) automatically entitled him to be released on parole after he served twenty-five years of his sentence.  [See DE 31].

5

In support of his petition, Bartley generally cites to the Due Process Clause of the Fourteenth Amendment but fails to demonstrate how the denial of parole in this matter violates the Constitution. [See DE 31 at 13, Page ID # 469]. For instance, Bartley cites *Greenholtz v. Inmates of Neb. Penal and Corr. Complex* in support of his petition. 442 U.S. 1 (1979). Federal law, however, does not recognize any constitutional right to parole. *Id.* at 7. Even so, a state may develop a system of parole which may create a legitimate claim of entitlement to parole, which is entitled to protection under the Due Process Clause of the Fourteenth Amendment if mandatory language is included in a sentencing or parole statute. *Id.* at 7-8.

Whether the Kentucky parole "statute[s] provide[] a protectable entitlement must be decided on a case-by-case basis," determined by specific, mandatory language in the statutes. *See id.* at 12. Here, K.R.S. 532.030(1) states:

> When a person is convicted of a capital offense, he shall have his punishment fixed at death, or at *a term of imprisonment for life without benefit of probation or parole, or at a term of imprisonment for life without benefit of probation or parole until he has served a minimum of twenty-five (25) years of his sentence*, or to a sentence of life, or to a term of not less than twenty (20) years nor more than fifty (50) years.

(emphasis added).

Similarly, K.R.S. 532.025(3) describes the sentence as "imprisonment for life without benefit of probation or parole until

6

the defendant has served a minimum of twenty-five (25) years of his sentence." Bartley appears to argue that the statutes impose a mandatory entitlement to parole after the minimum prison term is served. [*See* DE 31].

As an initial matter, the courts of Kentucky are in the best position to interpret the meaning of state statutes. Kentucky Courts have not interpreted K.R.S. 532.030(1) to impose a mandatory entitlement to parole after a prisoner serves twenty-five years of his or her sentence. *See, e.g.*, *Sanders v. Commonwealth*, 844 S.W.2d 391, 394 (Ky. 1992); *Stewart v. Commonwealth*, 153 S.W.3d 789, 793 (Ky. 2005). In fact, the Kentucky Supreme Court reaffirmed this statutory interpretation in Bartley's previous appeal, stating: "The qualification to that sentence-without the benefit of probation or parole for 25 years—simply means that he cannot receive the benefit before that time has passed. *It does not mean that he automatically becomes entitled to parole upon the passage of that time*." *Bartley v. Wright*, 2013 WL 1188060, at *2 (emphasis added).

Furthermore, Kentucky courts have consistently held that "[p]arole is a privilege, not a right." *Id.* (citing *Land v. Commonwealth*, 986 S.W.2d 440, 442 (Ky. 1999)). Additionally, the grant of parole is within the province of the executive branch of the state of Kentucky. As such, Kentucky courts have "no power to order the executive branch to parole Bartley." *Id.*

7

Additionally, the Sixth Circuit recently considered an argument identical to Bartley's and found that "[w]ithout an entitlement to parole under Kentucky law, [the petitioner] has no federal constitutional claim." *Harrison v. Litteral*, No. 17-5522, 2018 WL 2164306, at *2 (6th Cir. Feb. 20, 2018) (interpreting K.R.S. § 532.030(1) and finding that there was no mandatory entitlement to parole after serving twenty-five years of imprisonment).

Ultimately, there is no language in K.R.S. §§ 532.025(3) or 532.030(1) that creates a mandatory entitlement to parole after a prisoner serves twenty-five years of imprisonment. To hold otherwise would defy logic and misconstrue Bartley's sentence. Bartley was sentenced to life in prison. Kentucky law made Bartley *eligible* for parole after he served twenty-five years of his sentence but did not legally *entitle* him to parole after twenty-five years. The Kentucky parole board's refusal to parole Bartley does not violate the Due Process Clause of the Fourteenth Amendment. As a result, Bartley has failed to demonstrate that the denial of parole "was contrary to, or involved an unreasonable application of, clearly established Federal law." *See* 28 U.S.C. § 2254(d)(1).

## C. Whether Petitioner is Entitled to Relief Based on the Terms of a Plea Agreement

Second, Bartley is not entitled to habeas relief because he has failed to demonstrate that "the adjudication . . . resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). In the memorandum in support of his initial petition, Bartley argues that a "plea bargain" existed that guaranteed him parole after twenty-five years. [DE 1-1 at 8, Page ID # 24]. As the Magistrate Judge noted, there is no actual evidence that a plea agreement existed in this case, nor has Bartley provided any evidence of such an agreement. [See DE 29 at 14-15, Page ID # 415-16]. Additionally, the state court record seems to indicate that no formal plea agreement existed. [*See id.* (citing cases)].

Furthermore, even if such an agreement existed, it would not entitle Bartley to habeas relief. First, the Kentucky Supreme Court noted that "the prosecutor does not control parole decisions." *Bartley v. Wright*, 2013 WL 1188060, at *1. Furthermore, the Kentucky Supreme Court noted that Bartley's 1987 Waiver of Further Proceedings with Petition to Enter Plea of Guilty indicates that Bartley was informed that the maximum possible sentence in this case was life without parole. *Id.* Finally, as the Magistrate Judge pointed out, Bartley's own statements in his

9

memorandum in support indicate that he understood that "[t]he contractual plea required Bartley to serve a minimum of twenty-five (25) years of his sentence before the applicability of the benefit of probation or parole would be granted." [DE 1-1 at 8, Page ID # 24].

In sum, Bartley has failed to demonstrate that the state court adjudication has resulted in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). As such, Bartley has failed to prove that he is entitled to habeas relief.

### IV. Conclusion

Ultimately, there is no mandatory entitlement to parole under K.R.S. §§ 532.025(3) or 532.030(1). Bartley was sentenced to a term of imprisonment for life for his role in multiple violent crimes. After serving twenty-five years of imprisonment, Bartley became eligible for parole but did not become entitled to parole. As such, Bartley had failed to demonstrate that he is entitled to habeas relief under 28 U.S.C. § 2254(d).

Accordingly, **IT IS ORDERED** as follows:

(1) Magistrate Judge Atkin's recommended disposition of Bartley's motion under 28 U.S.C. § 2254 [DE 29] is **ACCEPTED** and **ADOPTED** in its entirety;

(2) Bartley's Motion pursuant to 28 U.S.C. § 2254 [DE 16] is **DENIED WITH PREJUDICE**;

(3) No certificate of appealability shall issue;

(4) Seeing as Bartley has filed objections to the Magistrate Judge's Report and Recommendation, his Motion for Enlargement of Time to File Objections [DE 30] is **DENIED AS MOOT**;

(5) This action is **DISMISSED** and **STRICKEN** from the Court's active docket; and

(6) Judgment shall be entered contemporaneously with the Memorandum Opinion and Order.

This the 10th day of December, 2018.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge