UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at PIKEVILLE**

| | | |
|---|---|---|
| DONALD TERRY BARTLEY, | ) | |
| | ) | |
| Petitioner, | ) | Civil Case No. |
| | ) | 7:12-cv-066-JMH-EBA |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| GARY BECKSTROM, Warden, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |
| | ) | |

\*\*\*

Petitioner Donald Terry Bartley, a state prisoner proceeding pro se, moved for an enlargement of time in which to file a notice of appeal [DE 34] and tendered a notice of appeal [DE 35]. Bartley also filed a motion for a certificate of appealability. [DE 36]. First, Bartley's notice of appeal is timely pursuant to the prison mailbox rule. As a result, Bartley's motion for an enlargement of time to file notice of appeal [DE 34] is **DENIED AS MOOT**. Second, Bartley's notice of appeal transfers jurisdiction from this Court to the Court of Appeals. As such, since Bartley's motion for a certificate appealability [DE 36] raises issues that are also at issue in his appeal, the Court has no jurisdiction over the matter and Bartley's motion must be **DENIED**.

## I. Procedural History

On December 10, 2018, the Court accepted and adopted the report and recommendation of Magistrate Judge Atkins [DE 29, Report and Recommendation], denied Bartley's motion pursuant to 28 U.S.C.

1

§ 2254 [DE 16, Motion for Writ of Habeas Corpus] with prejudice, and declined to issue a certificate of appealability. [DE 32, Memorandum Opinion and Order; DE 33, Judgment].

Subsequently, Bartley filed a motion for enlargement of time in which to file notice of appeal [DE 34]. The motion contains a notice that indicates Bartley delivered the motion for enlargement to prison staff for mailing on January 4, 2019. [*Id.* at 2, Pg ID 481]. The motion for enlargement was filed in the record on January 16, 2019.

The text and certificate of service in Bartley's notice of appeal indicates that Bartley delivered the notice of appeal to prison staff for mailing on January 10, 2019. [DE 35 at 1, Pg ID 483]. The notice of appeal was filed in the record on January 16, 2019.

Finally, Bartley also filed a motion for certificate of appealability [DE 36]. The certificate of service on the motion for certificate of appealability indicates that Bartley provided the motion to prison staff for mailing on January 10, 2019. [DE 36 at 8, Pg ID 492]. The Court will consider the timeliness of the notice of appeal and both motions below.

## II. Analysis

**A. Timeliness of Notice of Appeal and Motion for Extension of Time in Which to File Notice of Appeal**

Pursuant to Federal Rule of Appellate Procedure 4(a)(1), Bartley had thirty days after the entry of the judgment or order appealed from to file a notice of appeal. Here, the memorandum opinion and order [DE 32] and judgment [DE 33] denying Bartley's petition for habeas relief were entered on December 10, 2018.

Rule 26(a) explains how to compute time under the Federal Rules of Appellate Procedure. Rule 26(a)(1) states that "when the period is stated in days . . . (A) exclude the day of the event that triggers the period; (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and (c) include the last day of the period" unless the last day falls on a Saturday, Sunday, or legal holiday.

As a result, pursuant to Rule 26(a)(1)(A), the time for the thirty-day period in which to file notice of appeal would begin running on December 11, 2018, the day after the opinion and judgment were entered. Pursuant to Rule 26(a)(1)(B), the Court must count all intermediate days including Saturdays, Sundays, and legal holidays. Thus, under Rule 26, thirty days from December 11, 2018, creates a deadline for filing notice of appeal on Thursday, January 10, 2019. January 10th did not fall on a federal

holiday.  As such, Bartley had until Thursday, January 10, 2019, to file notice of appeal based on denial of his habeas petition.

But that doesn't end the analysis, because, since Bartley is an incarcerated state inmate proceeding pro se, the prison mailbox rule applies.  Under the prison mailbox rule, a pro se prisoner's notice of appeal is typically deemed "filed at the time [the pro se prisoner] delivered it to the prison authorities for forwarding to the court clerk."  *Houston v. Lack*, 487 U.S. 266, 276 (1988); *Tanner v. Yukins*, 776 F.3d 434, 436 (6th Cir. 2015) ("notice of appeal was considered filed when it reached the mailroom"); *see also Richard v. Ray*, 290 F.3d 810, 813 (6th Cir. 2002) (prison mailbox rule for filing applies to civil complaints filed by pro se petitioners incarcerated at the time of filing).  Additionally, the prison mailbox rule has been memorialized in Rule 4(c) of the Federal Rules of Appellate Procedure.

Here, Bartley indicated both that his notice of appeal was delivered to prison staff for mailing on January 10, 2019.  Even though the notice was filed in the record on January 16, 2019, under the prison mailbox rule, the notice of appeal was deemed filed on January 10, 2019. As a result, Bartley's notice of appeal was timely filed on January 10, 2019.

Additionally, since Bartley has filed a timely notice of appeal, his motion for an enlargement of time in which to file a notice of appeal is now moot.  Of course, it appears that Bartley

4

delivered the motion for enlargement of time to prison officials for mailing before he submitted the notice of appeal. Regardless, the motion for enlargement of time in which to file a motion of appeal is unnecessary and moot.

**B. Effect of Notice of Appeal and Motion for Certificate of Appealability**

Previously, the Court denied Bartley's request for issuance of a certificate of appealability. [DE 32; DE 33]. Now, Bartley has renewed his request for a certificate of appealability. [DE 36].

But filing a notice of appeal generally divests the district court of jurisdiction as to any matters involved in the appeal. *See, e.g.*, *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993); *Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir. 1981). Of course, this rule is not absolute and there are limited circumstances where a district court retains jurisdiction to proceed with matters in aid of the appeal. *Jago v. United States Dist. Court, N. Dist. Of Ohio*, 570 F.2d 618, 619-20 (6th Cir. 1978); *Hogg v. United States*, 411 F.2d 578 (6th Cir. 1969).

Still, it is well established that "a federal court always has jurisdiction to determine its own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 628 (2002) (citing *United States v. United Mine Workers of Am.*, 330 U.S. 258, 291 (1947)).

5

Here, Bartley's motion [DE 36] asks the Court for a certificate of appealability and raises arguments that he previously raised in his habeas petition. As such, Bartley's motion raises issues that are directly at issue in his appeal. Since Bartley has filed a timely notice of appeal, this Court no longer has jurisdiction to consider Bartley's motion for a certificate of appealability. At this juncture, the arguments raised in Bartley's motion for a certificate of appealability [DE 36] must be presented to the Court of Appeals.

### III. Conclusion

Ultimately, based on the prison mailbox rule, Bartley has filed a timely notice of appeal in this matter [DE 35]. As a result, Bartley's motion for enlargement of time in which to file a notice of appeal is now moot and the notice of appeal divests this Court's jurisdiction pertaining to the motion for certificate of appealability. Accordingly, **IT IS ORDERED** as follows:

(1) Because Bartley filed a timely notice of appeal pursuant to the prison mailbox rule, Bartley's Motion for Enlargement of Time [DE 34] is **DENIED AS MOOT**; and

(2) Because the notice of appeal divests this Court of jurisdiction on issues raised in the appeal, Bartley's Motion for Certificate of Appealability [DE 36] is **DENIED.**

This the 18th day of January, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge